United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIA CHEVALIER,

    Plaintiff,

v.

FORT KNOX STORAGE, et al.,

    Defendants.

No. C 15-01326 JSW

**ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION**

    Now before the Court is a document that purports to be a request for an order granting injunctive relief filed by Plaintiff Kia Chevalier. Although no complaint has been filed in this matter, it appears that Plaintiff is suing Fort Knox Storage and Storage Pro. Beyond the Defendants' names, it is difficult to ascertain the nature of Plaintiff's claims. Plaintiff appears to assert claims pursuant to 28 U.S.C. §§ 1981-1983,[1] the "RICO Act 1971," "FRE 451-FRE 452-453," and breach of contract. Even assuming that Plaintiff intends to assert civil rights claims, her filing is rambling, incoherent, and states no claims over which this Court has jurisdiction. Moreover, although Plaintiff's filing purports to be a request for a temporary restraining order, most of the document is a lengthy discourse on the underlying facts.

    A district court may deny in forma pauperis status and sua sponte dismiss an action if federal subject matter jurisdiction is lacking or if the complaint is frivolous. *See* 28 U.S.C. § 1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1] The Court assumes that Plaintiff intended to assert civil rights claims under 42 U.S.C. §§ 1981-1983, and not 28 U.S.C. §§ 1981-1983, as stated.

If the filings fail to allege that a plaintiff's constitutional or statutory rights have been violated, and no basis exists for the exercise of federal subject matter jurisdiction, there is no "arguable basis in law" under *Neitzke* and the court on its own initiative may decline to permit the plaintiff to proceed and may dismiss the action under section 1915(d). *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "Furthermore, where the complaint is wholly lacking in merit, is 'clearly baseless,' 'fanciful,' or 'delusional' it may be dismissed as frivolous." *Borhani v. The Whole World*, 2006 WL 1214861, at *1 (N.D. Cal. May 5, 2006) (quoting *Denton v. Hernandez,* 504 U.S. 25, 32 (1992)).

The gravamen of Plaintiff's filing is that she is being denied access to her storage lockers in Defendants' facility and fears that Defendants may sell or otherwise dispose of her property. Defendants are not state actors and therefore there is no federal jurisdiction for a civil rights claim. Nor do Plaintiff's other asserted claims – to the extent the Court can decipher what they are – support federal subject matter jurisdiction. If it were possible for Plaintiff to cure these defects, the Court would be required to grant leave to amend. *Denton*, 504 U.S. at 34. However, if it is clear that a plaintiff would be unable to cure deficiencies even if granted leave to amend, a court may dismiss with prejudice. *Cato*, 70 F.3d at 1106.

The Court finds that Plaintiff's filing is wholly without merit and provides no basis for federal jurisdiction. Thus, the Court DENIES Plaintiff's application to proceed in forma pauperis, DENIES Plaintiff's request for a temporary restraining order, and DISMISSES this action. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: March 25, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2